UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
          :
UNITED STATES OF AMERICA,          :
          :
     -v-          :
          :    22 Cr. 618 (JPC)
CHRISTOPHER BURGOS,          :
MICHAEL GIAN WILLIAM HABIB,          :    ORDER
SURINDER SINGH CHEEMA,          :
BHUPINDER SINGH VIRK,          :
          :
     Defendants.          :
          :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Pending before this Court are various pretrial motions filed by Defendants Michael Gian Habib and Surinder Singh Cheema. Certain documents submitted in connection with those motions have not been filed on the public docket or were filed with redactions. The Government's unopposed request for sealing is granted for reasons that follow.

      In support of Cheema's October 19, 2023 suppression motion, Dkt. 93 ("Cheema Motion"), Cheema submits two exhibits, which Cheema's counsel did not file on the public docket. On November 2, 2023, the Government publicly filed, with minimal redactions, an opposition to the Cheema Motion. Dkt. 100 ("Cheema Opposition"). The Cheema Opposition includes six exhibits: Exhibits A, B, and C were filed publicly in their entirety, Dkts. 105-1, 105-2, 105-3; Exhibits D and E were filed publicly with minor redactions, Dkts. 105-4, 105-5; and Exhibits F[1] and G were not filed on the public docket. *See* Dkt. 105 at 1. On October 25 and 26, 2023, Habib filed three pretrial motions, *see* Dkts. 94-99, and the Government responded with an omnibus opposition to those motions, Dkt. 102 ("Habib Opposition"). The Habib Opposition includes two Exhibits, both

---

[1] Included in Exhibit F is a photograph that also is included in one of the two exhibits submitted in support of the Cheema Motion, but without the Bates-stamped number.

of which were publicly filed with minimal redactions. Dkt. 107-1, 107-2. Those Exhibits are the same documents as Exhibits D and E to the Cheema Opposition, and contain the same redactions. The Government—unopposed by either Habib or Cheema—seeks sealing as to the following:

- The redacted portions of Exhibit A to the Habib Opposition, Dkt. 107-1, and Exhibit E to the Cheema Opposition, Dkt. 105-5;
- The redacted portions of Exhibit B to the Habib Opposition, Dkt. 107-2, and Exhibit D to the Cheema Opposition, Dkt. 105-4;
- The two exhibits to the Cheema Motion;
- The redacted portions of the Cheema Opposition, Dkt. 100;
- Exhibits F and G to the Cheema Opposition; and
- The redacted portions of the Government's letter requesting sealing, Dkt. 105.

*See* Dkts. 105, 107.

Under "the First Amendment and the common law," the public has a "presumption of access to judicial records." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation marks omitted). The Second Circuit has broadly defined a "judicial document" as an "item that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 139 (internal quotation marks omitted). A document is relevant to the performance of the judicial function "if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis omitted). The public has a presumption of access to these documents "so that the federal courts have a measure of accountability and so that the public may have confidence in the administration of justice." *Bernstein*, 814 F.3d at 139 (internal quotation marks omitted). Courts reviewing requests to seal "engage[] in a three-step inquiry." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). "First, the court determines whether the

record at issue is a judicial document—a document to which the presumption of public access attaches." *Id.* (internal quotation marks omitted).  If the record is a judicial document, the court then "determine[s] the weight of the presumption of access to that document." *Id.* (internal quotation marks omitted).  Lastly, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

The documents for which complete sealing or redactions is sought are judicial documents. Exhibits to the pretrial motions are relevant to the Court's resolution of those motions, and the proposed redactions to the Government's letter requesting sealing are relevant to the Court's determination on sealing.  At step two, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).  Here, the material in question primarily has a role in the exercise of the Court's power in deciding these two Defendants' pretrial motions and the Government's sealing request, but, given the relative scope of the applicable redactions and sealing requested, that role is not an outsized one.

As to step three, the Government has identified multiple compelling reasons for sealing. First, public disclosure of aspects of the material at issue would risk identifying a cooperating witness, thus posing a danger to that individual and compromising an ongoing investigation. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (explaining that "countervailing factors" against the presumption of access "include but are not limited to the danger of impairing law enforcement . . . and the privacy interests of those resisting disclosure"); *United States v. Dwyer*, No. 15 Cr. 385 (AJN), 2016 WL 2903271, at *1 (S.D.N.Y. May 18, 2016) (noting that information warranting sealing includes "the protection of law enforcement techniques and

3

procedures; the protection of the confidentiality of sources; the safety of witnesses and police officers; [and] the privacy and reputation interests of those involved in an investigation"). Second, some of the sealed material would identify an additional third party who is not currently cooperating with the Government but who may be a participant in the conspiracy. Public disclosure of that individual's name would harm the person's privacy and reputational interests, *see Dwyer*, 2016 WL 2903271, at *1, as well as, potentially, the Government's ongoing investigation. Third, if made public, one of the exhibits to the Cheema Motion and Exhibit G to the Cheema Opposition would reveal sensitive and detailed personal information about Cheema and disclose sensitive information on law enforcement techniques. *See id.* These interests adequately outweigh the presumption of access, and the proposed sealing is narrowly tailored to serve those interests. Thus, the Government's requested sealing is granted.

SO ORDERED.

Dated: December 8, 2023
New York, New York

JOHN P. CRONAN
United States District Judge