

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 14, 2024

**BY ECF**

The Honorable John P. Cronan
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Surinder Singh Cheema*, **22 Cr. 618** (**JPC**)

Dear Judge Cronan:

    The Government writes to provide an update on the status of discovery with respect to the *Fatico* hearing for defendant Surinder Singh Cheema, currently scheduled for July 1, 2024, and to request an adjournment of that hearing and sentencing date. While the Government has been diligently attempting to obtain the additional evidentiary materials from the Peel Regional Police of Ontario, Canada, those materials are not yet in the Government's possession. The Government understands from U.S. law enforcement's conversations with their Peel counterparts that Peel requires at least another two weeks to provide the materials collected in their investigation to U.S. law enforcement.

    Given the importance of this evidence to the upcoming *Fatico* hearing, the Government respectfully requests an adjournment of the scheduled *Fatico* hearing and sentencing for at least 45 additional days. The defendant objects to the adjournment and requests that sentencing be held as promptly as possible so that he can be designated to a BOP facility and be transferred out of the MDC.

    Because the defendant has already pleaded guilty, there is no Speedy Trial Act or Sixth Amendment right to a "speedy" sentencing. *See Betterman v. Montana*, 578 U.S. 437 (2016). There is only a Fifth Amendment due process right to a prompt sentencing; in order to make out a due process violation the defendant must show both unfair delay and "substantial" prejudice. *See, e.g.*, *United States v. Paul*, 634 F.3d 668, 674 (2d Cir. 2011). "To prove a due process violation as a result of a sentencing delay, the prejudice claimed by the defendant … must be substantial and demonstrable." *Id.* at 675.

    Here, the reasons for the delay are almost entirely of the defendant's own making. The defendant chose to engage in additional criminal conduct in the MDC after pleading guilty and shortly before the scheduled sentencing date. After the Government filed its supplemental sentencing submission on May 25, 2024, less than two weeks after obtaining the evidence from

the King phone, the defendant chose to request a *Fatico* hearing to challenge the factual assertions in the Government's supplemental sentencing submission. The only other reason for delay is entirely outside the Government's control—i.e., the production of evidence by a foreign law enforcement agency that will bear on the *Fatico* hearing—and does not establish a due process violation. *See id.* at 674-75 (finding four-*year* "inadvertent" delay by Government in providing information to Probation did not amount to due process violation).[1]

Moreover, there is no substantial prejudice to the defendant caused by an additional 45-day delay. The defendant is subject to a five-year mandatory-minimum sentence, meaning he has no chance at being released during the intervening period. Whatever prejudice is caused by a delay in designating the defendant to a BOP facility outside of the MDC is mitigated by the fact that: (1) the conditions at the MDC have not stopped the defendant from directing shootings and other criminal conduct; (2) the outcome of the *Fatico* hearing will likely affect the defendant's BOP designation, including the Government's recommendation that he be designated to a facility with a Communications Management Unit.

The Government, the Court, and the public have an overriding interest in ensuring that all relevant evidence is brought to the Court's attention prior to the defendant's sentencing. Given the foregoing, an additional 45-day adjournment is warranted.

In light of the interests set forth in the Government's letter, the request is granted.  Defendant Cheema's sentencing and *Fatico* hearing is adjourned to August 27, 2024 at 10:00 a.m.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

SO ORDERED.
Date: June 17, 2024
New York, New York

JOHN P. CRONAN
United States District Judge

By: /s/
Thomas S. Burnett
Jane Y. Chong
Matthew R. Shahabian
Assistant United States Attorneys
(212) 637-1064/-2264/-1046

cc: Dawn Florio, Esq. (by ECF)
    Declan Murray, Esq. (by ECF)

---

[1] The defendant's sentencing was initially scheduled for March 18, 2024, and was adjourned twice, to April 30, and May 7, at defense counsel's request. *See* ECF Nos. 138 & 146.  The sentencing was then adjourned by an additional week, to May 15, at the Government's request due to a scheduling conflict, *see* ECF No. 157, before the Government learned of the defendant's additional criminal conduct from the phone seized by Canadian law enforcement from his co-conspirator, Dupinderdeep Singh Cheema a/k/a "King," *see* ECF No. 162.